Petition for a Re-hearing.
[By Mr. Owsley.]
The Court is respectively invited to reconsider the opinion rendered in this case, and to grant the plaintiff a rehearing.
It is believed that, this is the first case that has drawn in question before this Court, the construction of the act of 1793, under which the Court of Quarter Sessions acted in the appointment of the commissioners by whom the deed was made to Barnet; but there is such a striking analogy between all of the provisions of that act, and the act of 1797, which authorizes county courts to appoint commissioners to convey land, (1 Stat. Law, 457,) that it was believed that the Court would unhesitatingly adopt the construction which had been given to the latter act, and apply it to the former.
The only essential difference between the two acts is that, in the former, the power to appoint commissioners is given to the Courts of Quarter Sessions, and in the latter, the power is given to the County Courts. In neither act, has the Court any thing to do after the commissioners are appointed. The deed is not, by either act, required to be reported by the commissioners, after it is executed by them, to Court for approval. The power and authority of the Court is limited and defined by each act, and terminates with the appointment of the commissioners. It was, therefore, not anticipated that any thing favorable to the validity of a deed executed by commissioners appointed under the act of 1793, would be presumed, if not presumable in case the commissioners had been appointed under the act of 1797. It was not supposed that any thing favorable to the deed would be inferred from the action of the Court after the deed was executed, when the act of 1793 conferred no power on the Court ap *279 pointing commissioners, to approve or sanction the deed. Turning to the decisions which have been given by this Court, on the act of 1797, it will be found that nothing is to be inferred from the order of Court appointing the commissioners, other than the facts appearing on the face of the order. In the case of Short vs Clay, 1 Marshall, 371, it was decided, that a deed from commissioners appointed under the act of 1797, is not, per se, competent to show title. That it was essential for the person claiming title under such deed, to prove the execution of the bond, in virtue of which the deed was made by commissioners. That the bond constitutes a link in the title. The decision in that case goes on the principle, that, in appointing commissioners, the Court acts under a special and limited power, and that the deed, when made, is not even prima facie evidence of title, but that it devolves on the person claiming under such a deed, to prove every fact necessary to bring his case within the provisions of the act, under which the commissioners were appointed.
In the case of Nesbit vs Gregory, 7 J. J. Marsh. 271, the Chief Justice, by whom the opinion was delivered, remarks—“A statutory deed will be ineffectual, unless it be made in the manner prescribed by the statute; such, for example, is a deed made by commissioners appointed by a county court. In such a case, the county court acts ministerially; its only power is derived from the statute, and, therefore, its acts will be void, if they be not conformable to the requisitions of the statute.”
In this case, the bonds referred to in the order of the Court, were not produced in evidence; nor was there any evidence going to show that, the bonds are not now in the possession of the defendants. The order of court contains no description of the land for which the bonds were given, if such bonds were in fact executed by the ancestor of the plaintiff. No proof was introduced going to show that such bonds ever were executed; nothing to show that the bonds were binding on the heirs of Bell; nor was there any testimony going to show that Barnet was entitled to the bonds. He could not have had the legal right to the bonds, which at the time the commissioners were appointed, were not assignable.
April, 21.

Owsley for plaintiff.

These suggestions are hastily and imperfectly made; but my object is barely to bring the case again before the Court, for their more thorough examination. A re-hearing is respectfully asked,
The Petition having been considered, was now overruled, without any formal response.